**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY, | ) CASE NO. 2:08CV1054 ) |
| Plaintiff, | ) **JUDGE EDMUND A. SARGUS, JR.** ) MAGISTRATE JUDGE NORAH M. KING ) |
| vs. | ) ) |
| PMI AMERICA, INC., LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendants. | ) |

**STIPULATED ORDER CONCERNING CONFIDENTIALITY
OF DISCOVERY MATERIALS PRODUCED BY THE PARTIES**

AND NOW, on this 30th day of June, 2009, it is hereby ordered that the following provisions, previously stipulated to by the parties and submitted for this Court's approval, shall govern the confidentiality of documents and other discovery information in these proceedings:

1. This Order shall apply to those documents and to all documents, pleadings and transcripts that are produced by any party or other person in these actions which the producing parties or persons have designated in good faith as "Confidential"

2. Discovery materials, including documents, affidavits, statements and responses to interrogatories or requests for admission, but excluding deposition transcripts, which are addressed separately in paragraph 6 below, may be deemed confidential provided that the producing party or person places a "Confidential" designation on the front of any such document.

3. Documents and discovery materials that are designated confidential pursuant to this Order shall be used only for purposes of this litigation and for no other purposes whatsoever

except as otherwise permitted by this Order or required by law. Those documents and discovery materials and the contents thereof may be disclosed only to parties, officers and employees of parties on a need to know basis only, counsel for the parties and their staffs, experts and consultants retained for purposes of the litigation and their respective staffs and assistants, deponents and witnesses at trial, court reporters, commercial photocopying services, and the Court (including the Clerk of the Court, Deputy Clerks and necessary staff). Each person who is permitted to see confidential documents or discovery materials shall first be shown a copy of this Order and shall be further advised of the obligation to honor the confidentiality designation and refrain from any disclosure of confidential documents or discovery materials not permitted by this Order.

4. Production of any confidential materials by a party does not waive any objections by the party as to the admissibility of such materials in evidence. The parties shall not be deemed to waive their right to seek the admission of these materials into evidence by consenting to this Confidentiality Agreement. The entry of this Order shall not be construed as an agreement or admission by any party or person that any document or information designated "Confidential" is, in fact, confidential or as to the correctness or truth of any allegation made or position taken relative to any matter designated "Confidential".

5. This Order and the protections afforded hereunder shall also apply to documents produced by Defendant, PMI America, Inc. in this action ("PMI") that were obtained by PMI from Carmeuse Lime, Inc. in discovery in the action pending in the Court of Common Pleas of Alleghany County, Pennsylvania styled *Carmeuse Lime Inc. v. PMI America, Inc., GD No. 08-2335* (the "Underlying Action") and that were designated "Confidential" and produced by Carmeuse Lime, Inc. pursuant to a certain Confidentiality Agreement entered into on September

17, 2008 by the parties to the Underlying Action. This Order and the protections afforded hereunder shall also apply to documents designated "Confidential" and produced by Carmeuse Lime, Inc. pursuant to subpoena in this action.

6. At the time of any deposition, or within ten (10) days after receipt of the deposition transcript, a party or the deponent may designate as Confidential specific portions of the transcript. The designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information, although a deponent or counsel for a deponent may assert any applicable privilege. Transcripts will be treated confidentially for this ten (10) day period. Any portions of a transcript designated as Confidential pursuant to this paragraph shall thereafter be treated as confidential discovery materials in accordance with the applicable provisions of this Order.

7. Absent the permission of the designating party or an order of the Court, in filing materials with the Court in pretrial proceedings, counsel for the parties shall file under seal briefs, applications, and other filings that contain confidential information, or that set forth the substance of such confidential information. Such materials shall be filed in a sealed envelope bearing a statement that it is "Filed Under Seal Pursuant to this Court's Order".

8. No person or party shall make public disclosure of any information obtained pursuant to pretrial discovery in this litigation, which has been marked as Confidential by an opposing party to this action, without agreement of the parties or further order of the Court. In the event that any party wishes to use any information which has been marked Confidential at any hearing in this action or during the trial of this action, or if a party seeks to be relieved from some or all of the restrictions on the use of material designated as Confidential, the party desiring to use said information shall give written notice to the opposing party including a

detailed listing of the materials desired to be disclosed and the basis upon which the confidential nature of the documents is disputed. (In the event any party seeks to use the information marked Confidential at any hearing or during trial, that party shall give written notice to the designating party within ten days prior to the hearing or trial date).

9. If the party desiring to use the information designated as Confidential and the opposing party are unable to resolve their differences, the party designating the information as Confidential shall have five business days or such time as agreed to by the parties to file an appropriate motion requesting that the Court order that the disputed material remain subject to the protection of this Stipulated Protective Order. At all times, the designating party shall have the burden of establishing that the information is in fact of a confidential, proprietary, or trade secret nature. In the event such motion is filed, the disputed material shall remain subject to all of the terms of this Order until the parties agree or the Court rules otherwise.

10. This Order may be modified or amended by Order of the Court for good cause shown or by agreement of the parties.

11. This Order shall apply to all parties to the litigation who are given access to documents and discovery materials produced or prepared by any party or person during the course of the litigation. Any party or other non-party, including without limitation Carmeuse Lime, Inc. shall be entitled to seek relief from the Court in the event of any violation of the terms of this Order.

12. Nothing in this Order shall preclude a producing party or person from asserting the attorney-client or other privilege, or work product protection, as to any documents, information or discovery materials.

13. Within thirty (30) days of the final resolution of this litigation, each party shall

assemble and, at the producing party's or person's election, either destroy or return to the producing party or person which furnished the documents all documents which are then in the possession of such party, including all copies thereof. This obligation shall not apply to copies of any documents obtained by parties from any source other than a producing party or person, or to documents containing otherwise confidential information derived solely from some source other than the producing party or person. Documents drafted by counsel or by an expert or consultant working at the direction of counsel that contain information designated as confidential, and any other confidential materials covered by the terms of this Order, need not be destroyed or returned, but shall remain subject to the confidentiality requirements of this Order. Counsel shall confirm in writing to the producing party or person that furnished the documents that such destruction or return of documents has occurred.

SO ORDERED.

      *s/Norah McCann King*
Norah McCann King
United States Magistrate Judge

Dated: June 30, 2009