UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE BURLINGTON INSURANCE
COMPANY,

    Plaintiff,

v.

PMI AMERICA, INC., et al.,

    Defendants.

Case No. 2:08-CV-1054
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on Plaintiff the Burlington Insurance Company's ("Burlington") Motion to Clarify, Alter or Amend Judgment. (Doc. No. 140.) The Opinion and Order to which Burlington's motion is addressed was issued on March 23, 2012, and it granted PMI America, Inc.'s ("PMI") Motion for Summary Judgment Against Burlington (Doc. No. 85), denied Burlington's Motion for Partial Summary Judgment Against Defendant Liberty Mutual Insurance Company ("Liberty") (Doc. No. 98), granted in part and denied in part Defendant Carmeuse Lime, Inc.'s ("Carmeuse") Combined Motion for Summary Judgment Against Burlington and Liberty (Doc. No. 111), denied Liberty's Motion for Summary Judgment (Doc. No. 112), and granted Liberty's Motion for Leave to File Surreply (Doc. No. 128). (Doc. No. 137.)

PMI, Carmeuse, and Liberty have filed memoranda in opposition to Burlington's Motion to Clarify, Alter or Amend Judgment (Doc. Nos. 142, 148, 149), each setting forth a different interpretation of the portion of the Court's Opinion and Order that Burlington seeks to modify:

[T]he Court finds that both the Burlington Policy and the Liberty Policy provide

> coverage for PMI's claim for indemnification of the judgment entered against it in the Pennsylvania action and for the costs of defense of the action. However, Liberty may not be required to pay its portion of the judgment or the defense costs if a jury finds that PMI did not timely notify Liberty of the claim.

(Doc. No. 137 at 38.)

In Burlington's Motion to Clarify, Alter or Amend Judgment, it requests that the Court change the wording used in this conclusion, or to clarify its meaning. The Court is not inclined to alter or amend the wording of its prior decision. It will, however, clarify its meaning as follows.

The issue that survived the parties' motions for summary judgment is whether PMI timely notified Liberty of its losses or whether the prompt notice provision of the Liberty Policy was breached and the coverage thereby forfeited. If the jury determines that PMI failed to timely notify Liberty, then Liberty is not liable for any of PMI's losses or for defense of the Pennsylvania action. If, however, the jury finds that the Liberty Policy was triggered, then Liberty is responsible for a portion of PMI's losses and a portion of the cost of PMI's defense in the Pennsylvania action.

The Court indicated in other sections of its Opinion and Order that there were issues that were not briefed in the summary judgment memoranda regarding damages and/or the possible allocation of damages. As the parties' briefing of the current issue illuminates, the parties are not in agreement as to the allocation of damages between Liberty and Burlington, if the Liberty Policy provides coverage. Nor are they in agreement as to whether the Burlington Policy covers all or only a portion of the losses if coverage under the Liberty Policy was forfeited. Those issues are not yet ripe for review.

Accordingly, the Court **DENIES** Burlington's Motion to Clarify, Alter or Amend Judgment as it relates to the request to amend or modify the Court's March 23, 2012 Opinion and Order and **GRANTS** the motion as it relates to Burlington's request to clarify the decision.

**IT IS SO ORDERED.**

5-10-2012
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**